IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CLOIS GLENN RABORN,  §<br>§<br>Movant, §<br>§<br>V. §<br>§<br>UNITED STATES OF AMERICA, §<br>§<br>Respondent. § | NO. 4:23-CV-1075-O<br>(NO. 4:22-CR-066-O) |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Clois Glenn Raborn under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.     BACKGROUND**

The record in the underlying criminal case reflects the following:

On March 7, 2022, Movant was named in a one-count information charging him with sexual exploitation of a child, in violation of 18 U.S.C. §§ 2551(a) and (e). CR ECF No.[1] 17. Movant and his counsel signed a waiver of indictment, CR ECF No. 20, a factual resume, CR ECF No. 21, and a plea agreement. CR ECF No. 22. The factual resume set forth the penalty Movant faced, including a term of imprisonment for not less than fifteen nor more than thirty years, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 21. The plea agreement likewise stated that Movant faced a term of

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-CR-066-O.

imprisonment of at least fifteen and not more than thirty years. CR ECF No. 22, ¶ 3. It further provided that Movant had reviewed the guidelines with counsel but understood that no one could predict the sentence that would be imposed; that the government would not bring any additional charges against Movant based on the conduct underlying and related to the plea; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that there had been no guarantees or promises from anyone as to what sentence would be imposed; that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with the representation he had received; and that Movant waived his right to appeal or otherwise contest his conviction and sentence except in certain limited circumstances. *Id.*, ¶¶ 4, 11, 13, 14, 15.

On March 16, 2022, Movant entered his plea of guilty to the information. CR ECF No. 57. He testified under oath that: he and his counsel had discussed how the guidelines might apply in his case; he understood that the Court would calculate the guideline range applicable in his case; he had received a copy of the information, had read it, and understood the charge against him; he waived the reading of the essential elements in his case; he had discussed his case, the charge, and issue of punishment with counsel and was fully satisfied with the representation he had received from Mr. Cofer and Mr. Gill; he signed the plea agreement; he had read and understood the plea agreement and asked the Court to accept it; he agreed to waive his right to appeal except in certain limited circumstances; he had discussed the waiver with counsel; he knowingly and voluntarily waived the right to appeal; he freely and voluntarily entered into the plea agreement; other than the written plea agreement, no one had made any promise or assurance to him of any kind to induce him to plead guilty; he understood that if he plea was accepted he would be punished somewhere

2

within the range provided by statute; he waived the right to hear the penalties and consequences in his case; he signed the factual resume; he had read and understood the factual resume before signing it; he waived the reading of the stipulated facts; and the stipulated facts in the factual resume were true and correct. *Id.*

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 32. CR ECF No. 31, ¶ 30. He received a four-level adjustment because the offense involved a minor under age 12, *id.* ¶ 31, and a two-level adjustment because it involved a sexual act. *Id.* ¶ 32. He received a chapter four enhancement for engaging in a pattern of activity involving prohibited sexual conduct. *Id.* ¶ 37. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 40 and a criminal history category of I, the guideline imprisonment range was 292 to 365 months. The statutorily-authorized maximum sentence was thirty years, so the guideline range became 292 to 360 months. *Id.* ¶ 82. The government filed objections, CR ECF No. 32, and the probation officer prepared an addendum to the PSR. CR ECF No. 42. Movant filed a motion for downward variance, CR ECF No. 44, to which the government responded. CR ECF No. 45.

The Court sentenced Movant to a term of imprisonment of 292 months. CR ECF No. 48 (as corrected, CR ECF No. 51). He did not appeal.

## II.   GROUND OF THE MOTION

Movant alleges that he received ineffective assistance of counsel. He says that counsel was ineffective in: advising Movant to accept the plea agreement including the waiver of right to appeal; failing to adequately argue for a reduction in sentence; misadvising Movant about the maximum sentence he could receive; failing to mitigate pretrial publicity; failing to challenge

alleged misstatements in the PSR; failing to investigate his background and ensure that the psychosexual examiner knew of his background; failing to investigate the circumstances of his arrest and alcoholism; and failing to stress the importance of his history of sexual abuse. ECF No.[2] 1.

### III.    APPLICABLE LEGAL STANDARDS

#### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV.   ANALYSIS

Movant's motion and memorandum in support recite a lot of law and very few, if any, facts. ECF No. 1. His first allegation is that counsel was ineffective "for failing to advise [Movant]

to take a plea whereby he would have retained his right to appeal." *Id.* at 6.[3] In his argument in support, he simply repeats the same conclusory allegation.[4] *Id.* at 23. The allegation is insufficient to support a claim. *Miller*, 200 F.3d at 282. In any event, Movant has not shown that any other offer would have been made or that the Court would have accepted it. *See Missouri v. Frye*, 566 U.S. 134, 148 (2012) (defendant has no right to be offered a plea agreement nor a federal right that the judge accept it); *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) (no constitutional right to a plea bargain). In this Court, waiver of right to appeal is typically included in plea agreements. Further, Movant makes no effort to show that but for the alleged deficient performance, he would not have entered into the plea agreement and would have insisted on going to trial.[5] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant alleges that counsel "affirmatively misadvised [him] that the maximum sentence he would receive was 15 years' incarceration." ECF No. 1 at 6, 24. In his declaration,[6] he makes the conclusory allegation that his "attorney incorrectly advised [him] that the maximum sentence [he] would receive was 15 years' incarceration, which induced [him] to plead guilty." ECF No. 1-1. A plea agreement is not rendered involuntary by the defendant's mere subjective understanding that he will receive a particular sentence. *Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993). Nor is it rendered involuntary because of a misunderstanding based on counsel's inaccurate prediction that a lesser sentence would be imposed. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987). Only an actual promise

---

[3] The page references to the motion are to "Page ___ of 30" reflected at the top right portion of the document on the Court's electronic filing system and are used because the motion and memorandum were filed as one item.
[4] The same pattern follows throughout the motion and memorandum in support.
[5] The Court notes that the record would not support any ground for appeal in this case.
[6] The Court assumes for the sake of argument that the document attached to the motion is a proper declaration under 28 U.S.C. § 1746 although it purports to have been made under the laws of the State of California. ECF No. 1-1.

by counsel that a lesser sentence will be imposed renders a plea involuntary. *Id.* And, to seek relief on the basis of an alleged promise, Movant must provide: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). He has not done so. Movant offers nothing more than his own conclusory allegation, which is insufficient to support a claim. *Id.* (movant must produce independent indicia of the likely merit of his allegations, typically in the form of one or more affidavits from reliable third parties).

Movant alleges that counsel failed to "mitigate against the pretrial publicity" in his case "which may have affected the sentence he received." ECF No. 1 at 6, 24–25. In his declaration, he makes the conclusory statement that "[t]he pretrial publicity in my case was extensive; it was on virtually every local news outlet." ECF No. 1-1. He does not explain the nature of the publicity or why it would have had any impact at all. He offers nothing but speculation. More importantly, he does not explain what his counsel could or should have done differently or why the assistance he provided was ineffective in this respect. Pretrial publicity occurs in most cases of consequence. *Skilling v. United States*, 561 U.S. 358, 379 (2010). And even pervasive, adverse publicity does not inevitably lead to an unfair trial. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 554 (1976). Movant has shown no harm here.

Movant alleges that counsel was ineffective in failing to investigate the circumstances of his interrogation with police since he had informed counsel that he had been drinking on the night before his arrest and was not able to meaningfully waive his *Miranda* rights. ECF No. 1 at 7, 25–26. He also alleges that counsel was ineffective for failing to investigate his alcoholism. *Id.* at 7, 26. In his declaration, he simply states that he told counsel he was intoxicated during the

interrogation and did not know what was happening during that interaction. ECF No. 1-1. He fails to allege with specificity what any investigation would have revealed and how it would have altered the outcome of the case. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). The mere fact that movant was intoxicated, if true, does not affect the voluntariness of his confession. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (coercive police activity is a prerequisite to finding that a confession is not voluntary); *United States v. Raymer*, 876 F.2d 383, 386 (5th Cir. 1989) (voluntariness of waiver or confession depends on absence of police overreaching and not on free choice).

A guilty plea waives all nonjurisdictional defects in the proceedings against a defendant, including ineffective assistance of counsel, except as the ineffectiveness relates to the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Movant offers nothing but conclusory allegations that his plea was not knowing or voluntary. As recited, *supra*, the record reflects that that Movant's plea was knowing, voluntary, and intelligent. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). His sworn testimony is entitled to a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, the statements in his plea agreement and factual resume, including recognition that he faced a term of imprisonment of up to thirty years, are entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for the alleged deficient performance. *Hill*, 474 U.S. at 59. The Court "should not upset a plea solely because of

*post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant has not cited to any contemporaneous evidence to support his position, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

Movant alleges that counsel was ineffective for failing to adequately argue for a sentence reduction, failing to challenge material misstatements in the PSR, failing to ensure that the psychosexual examiner had a full picture of his background, and failing to stress that Movant was molested as a child by a family friend. ECF No. 1 at 6–7, 25–26. He makes the same allegations in his declaration. ECF No. 1-1. Movant is wrong about some of these allegations, but in any event has failed to show that he was harmed as a result of counsel's conduct.[7]

Counsel filed a motion for downward variance, arguing that childhood sexual abuse by a family friend and Movant's psychosexual profile were factors in his favor. CR ECF No. 44. At sentencing, the Court recognized the high level of skill and professionalism that counsel exhibited, noting his reputation in the district. CR ECF No. 58 at 14. Movant was sentenced at the low end of the guideline range. In this circuit, a within-guideline sentence is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Even an unsuccessful defense—and Movant's defense was not unsuccessful—enjoys a presumption of reasonableness. *United States v. Massey*, 79 F.4th 396, 399 (5th Cir. 2023). Movant has done nothing to overcome that presumption.

---

7 The allegations that Movant was harmed by counsel's failure to communicate with the psychosexual examiner make no sense inasmuch as Movant himself was examined and should have disclosed whatever was pertinent.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **31st day** of **July, 2024**.

*Reed O'Connor*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**